**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRYAN HONEY, on his own behalf
and others similarly situated,

    Plaintiff,

vs.                                                  CASE NO. 3:06-cv-0076-J-33TEM

STAFFORD TRANSPORT OF
FLORIDA, INC., a Florida corporation,

    Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

This case came before the Court on October 4, 2006 for a hearing on the parties' Joint Motion for Approval of Settlement and Stipulation of Facts and Supporting Memorandum of Law (Doc. #18).[2]  Counsel for both parties were present at the hearing. In accordance with prevailing case law, the undersigned conducted a fairness hearing to evaluate the settlement agreement to ensure the agreement is "a fair and reasonable resolution of a bona fide dispute" over provisions of the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982).  The proposed settlement agreement was submitted to the Court for review prior to the October

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference.  The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired

5th hearing and has been filed under seal at docket entry        .

Plaintiff Bryan Honey brought this action on behalf of himself and others to sue Stafford Transport of Florida, Inc. ("Stafford") for unpaid overtime compensation, declaratory and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).  *See* Doc. #1, Complaint.  Mr. Robert Alexander was determined to be an individual similarly situated with Plaintiff Honey and was joined in this action (Doc. #15). During the course of the litigation, the parties came to an agreement to settle the case without proceeding to trial.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc.* 679 F.2d at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

Plaintiffs allege in the complaint that Stafford violated the FLSA by failing to make certain overtime payments to Plaintiffs during their employment.  Stafford asserts that it had reasonable grounds to believe it had complied with the FLSA at all times, and that it had acted in good faith and did not willfully violate the FLSA (Doc. #18 at 2).  At the hearing, Defendant's counsel further advised Defendant's position was that Plaintiffs were exempt employees under a motor carrier exemption to the FLSA.  Based on these representations, the Court finds the parties had a bona fide dispute under the FLSA.

During the hearing Defendant's counsel represented that Plaintiffs were employed by Defendant as garbage truck drivers.  Mr. Honey was employed from August 1, 2005 through November 9, 2005.  Mr. Alexander was employed from August 1, 2005 through October 17, 2005.  Unpaid overtime compensation was claimed during these employment periods and the determination of possible overtime pay was calculated based upon the

Plaintiffs' payroll records and what they would have been owed if they were not exempt employees. The parties represent that they engaged in extensive settlement discussions and negotiations prior to determining an agreeable settlement of Plaintiffs' claims (Doc. #18 at 2). The parties ultimately agreed to a settlement of back pay, liquidated damages and attorney's fees. Plaintiff Honey will receive $1200.00, which realizes $600.00 in back pay and $600.00 in liquidated damages. Plaintiff Alexander will receive $750.00, which realizes $375.00 in back pay and $375.00 in liquidated damages. Plaintiffs' counsel represents that the Plaintiffs have been "made whole" by this settlement.

Although the dollar amount of the negotiated attorney's fees was not published during the fairness hearing, the Court has given due consideration to that provision of the settlement agreement and finds the amount is not unreasonable under the circumstances of this case. Defendant was not opposed to the amount of the attorney's fees.

Thus, the Court finds the proposed settlement agreement (Doc. #S1) is a fair and reasonable resolution of a bona fide dispute over FLSA issues and **RECOMMENDS the settlement be accepted as such by the District Court**.

**DONE AND ENTERED** at Jacksonville, Florida, this 31st day of October, 2006.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Virginia M. Hernandez Covington
United States District Judge

All Counsel of Record